IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GERALD PROPER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:07-CV-0002 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DENY PETITION
FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging the result of Disciplinary Case No. 20060310091 which was handed down at the Clements Unit. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal application for habeas corpus relief should be DENIED.

I.
NO LOSS OF GOOD TIME CREDITS

In order to challenge a state prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory release and have received a punishment sanction which included forfeiture of previously accrued good time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). From petitioner's

recitation of all the punishment imposed, it appears petitioner did not lose any previously accrued good time credits. Consequently, petitioner is not entitled to federal habeas corpus relief.

## II.
## INELIGIBLE FOR MANDATORY SUPERVISION

Again, in order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release and have received a punishment sanction which included forfeiture of previously accrued good time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). In his habeas application, petitioner advises he is in respondent's custody pursuant to a March 15, 2002 conviction for the felony offense of sexual assault out of the 167th Judicial District Court of Travis County, Texas, and the resultant life sentence. An inmate is not eligible to be released to mandatory supervision if the inmate is serving a sentence for or has been previously convicted of sexual assault. Tex. Gov't Code Ann. § 508.149(a)(6) (Vernon 2002). Moreover, due to the nature of his underlying sentence of life imprisonment, petitioner is factually ineligible for mandatory supervision because a term of life imprisonment does not have a maximum term or discharge date other than death and it is not possible to calculate the statutory formula because calendar time plus good time earned can never equal the unknown length of the life sentence. *Cf. Brown v. Cockrell*, 2002 WL 638584, *3, 3:01cv1425-R (N.D. Tex. April 17, 2002). As petitioner will never be released to mandatory supervision due to his life sentence, he is factually not eligible for mandatory supervised release.

In his application, petitioner acknowledges he is not eligible for mandatory supervised

release.  As petitioner is <u>not</u> eligible for mandatory supervised release due to his conviction for sexual assault, and is factually not eligible for release to mandatory supervision because of his life sentence, he is not entitled to any federal habeas corpus relief.

### III.
### RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner GERALD PROPER be DENIED.

### IV.
### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this <u>8th</u> day of January 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D).  When service is made by mail or

electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).